THE SHERIFF OF JACKSON COUNTY, Petitioner, v. ILLINOIS STATE LABOR RELATIONS BOARD *et al.*, Respondents.

Fifth District   No. 5—98—0093

Opinion filed January 7, 1999.

Michael L. Wepsiec, State's Attorney, of Murphysboro (Daniel Brenner, Assistant State's Attorney, and Norbert J. Goetten and David A. Hibben, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for petitioner.

James E. Ryan, Attorney General, of Chicago (Barbara A. Preiner, Solicitor General, and Marcia L. McCormick, Assistant Attorney General, of counsel), for respondent Illinois State Labor Relations Board.

John R. Roche, Jr., of Western Springs, for respondent Illinois Fraternal Order of Police Labor Council.

JUSTICE CHAPMAN delivered the opinion of the court:

The petitioner, the sheriff of Jackson County (Sheriff), appeals from a final decision by the Illinois State Labor Relations Board (the Board) that required him to remove the current appointee to the jail lieutenant position and to promote Linda Brown to that position with back pay. The petitioner asserts that: (1) the action of the Fraternal Order of Police (FOP) should have been time-barred; (2) the administrative law judge's finding of discrimination is against the manifest weight of the evidence; and (3) the Board's remedy is improper. For the following reasons, we affirm.

In 1986, the FOP filed a representation petition with the Board to include sergeants in the existing bargaining unit. The Sheriff opposed the petition and argued that sergeants were supervisors under section 3(r) of the Illinois Public Labor Relations Act (Ill. Rev. Stat. 1985, ch. 48, par. 1603 (now see 5 ILCS 315/3 (West 1996))) and were therefore not entitled to engage in collective bargaining. At a hearing on the petition, Linda Brown testified under FOP subpoena about her duties as a communications sergeant. The Board ruled that sergeants were not supervisors and could be included in the bargaining unit.

In June of 1993, Linda Brown, now a jail sergeant at the Jackson County jail, applied for a promotion to the vacant jail lieutenant position in that facility. Brown and two other jail sergeants were found qualified for the position by the Jackson County Merit Commission. The Sheriff did not hire any of the three but decided to wait to make his decision. Each of the three applicants assisted the Sheriff in performing the duties of jail lieutenant while the position remained open.

In late 1993, Earl Jacquot, a patrol officer with the department, applied for the jail lieutenant position. The merit commission waived the assessment-panel component of the promotional exam for Jacquot and certified him as qualified for the position. Jacquot interviewed with the Sheriff in the spring of 1994 and gave oral answers to questions the other applicants had been required to answer in writing.

The standard promotion procedure in the department was to fill a vacancy with a qualified person in the rank just below the open position. The position just below jail lieutenant was jail sergeant. The Sheriff promoted Jacquot, the patrol officer, over Brown and the other two jail sergeants.

Brown filed suit against the Sheriff in federal court under Title VII of the Civil Rights Act of 1964 (42 U.S.C.A. § 2000e et seq. (West 1994)), claiming she was discriminated against because of her sex. In a deposition in that action, the Sheriff testified that he did not promote Brown because of her "untruthful" testimony during the 1986 hear-

ing. He stated that he felt he could not trust Brown to be loyal to him because of her testimony and that he had not trusted her since the 1986 hearing.

Brown's sex discrimination suit was dismissed on the Sheriff's summary judgment motion. The FOP then instituted an unfair labor practice charge which alleged that the Sheriff discriminated against Brown because of her support for union activities, in violation of sections 10(a)(1), (a)(2), and (a)(3) of the Illinois Public Labor Relations Act. 5 ILCS 315/10(a)(1), (a)(2), (a)(3) (West 1992). After a hearing, an administrative law judge issued a recommended decision and order in favor of the FOP. The Board then issued a final decision, which required the Sheriff to remove the person whom he had appointed jail lieutenant and to promote Linda Brown to the position.

■ The Sheriff initially argues that the Board's finding should be reversed because the action should have been time-barred. Section 11(a) of the Illinois Public Labor Relations Act provides:

"[N]o complaint shall issue based upon any unfair labor practice occurring more than six months prior to the filing of a charge with the Board and the service of a copy thereof upon the person against whom the charge is made, unless the person aggrieved thereby did not reasonably have knowledge of the alleged unfair labor practice ***." 5 ILCS 315/11(a) (West 1996).

The Sheriff asserts that since he appointed Jacquot on June 28, 1994, and the FOP did not file its action until November 22, 1995, the six-month time limitation in the statute had clearly passed. However, the administrative law judge (ALJ) found that it was not until the Sheriff made certain statements during his deposition in Brown's sex discrimination suit that Brown became aware that the Sheriff might have retaliated against her because of her testimony in a hearing eight years earlier. Therefore, the ALJ found, Brown was unaware of the possible unfair labor practice until September 6, 1995, and the claim was filed well within the statutory six-month time limitation.

■ An administrative agency's findings of fact are presumed *prima facie* true and correct and will not be reversed unless those findings are contrary to the manifest weight of the evidence. *Forest Preserve District v. Illinois Local Labor Relations Board*, 190 Ill. App. 3d 283, 289, 546 N.E.2d 675, 679 (1989). A finding is against the manifest weight of the evidence only if an opposite conclusion is "clearly evident." *Board of Education of the City of Peoria, School District No. 150 v. Illinois Educational Labor Relations Board*, 220 Ill. App. 3d 984, 989, 581 N.E.2d 395, 398 (1991). In this case, there is no evidence that Brown should have reasonably had knowledge that the Sheriff discriminated against her based on testimony she gave eight years

prior, until he actually admitted that he did so in a deposition. Therefore, we conclude that the Board's decision was not against the manifest weight of the evidence.

■ The Sheriff next argues that the Board's finding of discrimination based on violation of sections 10(a), (b), and (c) of the Act is against the manifest weight of the evidence. To establish a *prima facie* case under this section, the charging party must show, by a preponderance of the evidence, that (1) she was engaged in union or other statutorily protected activity, (2) her employer was aware of the nature of her conduct, and (3) the employer took adverse action against her for discriminatory reasons, *i.e.*, animus toward her participation in such activities. *City of Burbank v. Illinois State Labor Relations Board*, 128 Ill. 2d 335, 345-46, 538 N.E.2d 1146, 1149-50 (1989).

■ The Sheriff does not argue that Brown did not establish a *prima facie* case, but instead he contends that his actions do not constitute an unfair labor practice. As noted in the Board's decision and order, it is undisputed that a motivating factor in the Sheriff's decision not to promote Brown was her testimony in the 1986 Board hearing. The Sheriff asserts that his belief that Brown gave "untruthful" and "slanted" testimony at the 1986 hearing is a legitimate reason not to promote her. Therefore, the only issue before us is whether the Sheriff's reliance upon that factor was a violation of the Illinois Public Labor Relations Act.

The Sheriff asserts that Brown was not promoted because he could not trust her based on false statements she made on two issues in her 1986 testimony. The first was that Brown mischaracterized the Sheriff's uniform when comparing it to her subordinate's uniforms, and the second was that Brown lied when she testified that she did not have employees to assist her in connection with her supervisory duties.

The Board found that these reasons were groundless, based on "the absence of any evidence that Brown's original testimony was false" and "the fact that the Sheriff never even spoke to Brown concerning her 'misrepresentations.'" A review of the record reveals that evidence of Brown's untruthfulness is absent. Neither was any evidence presented by the Sheriff that he ever confronted Brown about her "misrepresentations." Accordingly, we cannot find that lack of discriminatory intent is clearly evident. The Board's decision is not against the manifest weight of the evidence.

Finally, the Sheriff contends that the remedy in this case, appointing Brown to the jail lieutenant position in place of Jacquot, warrants reversal because it was unjustified and exceeded the Board's authority.

■ The Illinois Public Labor Relations Act authorizes the Board,

when it finds that an unfair labor practice has been committed, to take such affirmative action as will effectuate the policies of the Act. 5 ILCS 315/11(c) (West 1996). We find that this statutory grant of power, at a minimum, permits the Board to fashion a remedy that will make the charging party whole. See *Sure-Tan, Inc. v. National Labor Relations Board*, 467 U.S. 883, 901, 81 L. Ed. 2d 732, 749, 104 S. Ct. 2803, 2813 (1984) (interpreting a nearly identical statutory provision found in the National Labor Relations Act).

We note that in *City of Burbank*, the Illinois Supreme Court, while not directly addressing the issue, allowed a similar remedy to stand under comparable circumstances. In that case, the city "restructured" the public works department by eliminating two foremen positions and creating one position to replace them. The Board found that the "restructuring" was a pretext for discharging one of the foremen, Randle, in retaliation for his protected activities, and the Board ordered the city to remove the foreman it appointed and to hire Randle. *City of Burbank v. Illinois State Labor Relations Board*, 128 Ill. 2d 335, 341-44, 538 N.E.2d 1146, 1151-52 (1989).

■ Here, the Board found that it was "unrealistic to expect that the Sheriff's unrelenting bias against Brown will be set aside simply on the basis of an ordinary cease-and-desist order." Therefore, in the Board's judgment, to require a *de novo* review of each job candidate would be useless, and a remedial order granting Brown the promotion to jail lieutenant was the only effective mechanism to effectuate the policies of the Act. In light of *City of Burbank*, we do not find that the Board abused its broad discretion in making that determination.

The Sheriff asserts that he should not be forced to hire Brown because it was not proved that she would have received the job absent the discrimination. Testimony was elicited from the Sheriff that Sergeant Bock would not have been hired because he had been under investigation in 1993 or 1994 for allegedly stealing from the department and, therefore, could not be trusted. The Sheriff testified that Sergeant Ehlers would not be hired because she just would not do the job. As previously stated, Jacquot's promotion deviated from the usual promotional procedure of appointing from the immediately preceding rank. Therefore, the only applicant left is Brown.

The Board found that all of the reasons the Sheriff gave for not hiring her were unlawful or pretextual. If there is any evidence in the record to support the agency's decision, it should be affirmed. *Abrahamson v. Illinois Department of Professional Regulation*, 153 Ill. 2d 76, 88, 606 N.E.2d 1111, 1117 (1992). The record reflects that Brown had served in the jail lieutenant's position while it was vacant, was number one in her class at the corrections academy, had no disciplinary record,

and held the immediately preceding rank of jail sergeant. Because this evidence supports the Board's conclusion that, absent the Sheriff's animus towards Brown's protected activities, she would have received the promotion, we find no abuse of discretion in the Board's remedy.

We, therefore, affirm the decision and order of the Illinois State Labor Relations Board in its entirety.

Affirmed.

HOPKINS and MAAG, JJ., concur.